528          CASES IN THE SUPREME COURT

State use of Murdock vs. Swigart et al.          [January]

---

STATE USE OF MURDOCK VS. SWIGART ET AL.

The obligors in a bond are estopped to deny the facts recited in its condition. (*Norris vs. State ante.*)

Where a sheriff levies an execution upon property that does not belong to the defendant in the execution, he is bound to stop all further proceedings under the levy, as soon as he ascertains the fact, and his bond is not subject to suit for failure to sell the property.

*Error to Johnson Circuit Court.*

Hon. JONAS M. TEBBETTS, Special Judge.

WALKER & GREEN, for the plaintiff.

The 4th plea is bad, because it denies a fact admitted by the defendants in the condition of the bond sued upon.   They are estopped from denying that Main was sheriff.   *Outlaw et al. vs. Yell, Gov., &c.,* 3d *Eng.* 345; 3 *Marsh.* 303; 15 *Wend.* 502; 9 *Wend.* 209; 2 *J. J. Marsh.* 280; 1 *Litt.* 418.   When the declara

tion sets forth the bond and condition, and the matter of estoppel appears upon its face, the plaintiff need not reply the estoppel, but may demur. See *Trimble vs. The State*, 4 *Blackford* 437, *and the case in* 3*d Eng., cited above.*

The 6th plea is bad. This court holds that a subsisting levy on real estate, is so far a satisfaction, that the plaintiff in a judgment cannot sue out other process, and make an additional levy upon the property of the defendant, until the first levy has been disposed of. (*Anderson vs. Fowler*, 3 *Eng.* 397; 7 *Eng.* 421; 4 *Eng.* 176; 13 *Eng.* 548) If the defendant had no such interest in the land as could be sold under execution, the sheriff should have shown that fact in his return.

Mr. Justice FAIRCHILD delivered the opinion of the court.

To an action against the defendants as securities upon a sheriff's bond, they pleaded as their fourth plea, that Christopher B. Mann, the principal in the bond, was not sheriff of Johnson county, as alleged in the declaration.

This plea is the same as the first plea in the case of *Norris vs. The State*, just decided, in which we held the plea was properly quashed upon demurrer. In this case the Circuit Court overruled a demurrer to the fourth plea, and in doing so erred.

The first breach assigned in the declaration is, that Mann, the sheriff, lev ed the execution that is charged to have come to his hands upon certain real estate, as the property of Bettis, the defendant in the execution, and that he did not expose the same to sale as he was bound to do by his levy, and by law. To which the defendants, in their sixth plea, answered that Bettis had no interest in the real estate levied upon, at the time judgment was rendered against him, nor thenceforward till the return day of the execution.

The court overruled a demurrer to this plea, which is also assigned to have been an erroneous ruling. The charge in the declaration is not that the sheriff did not levy the execution upon the property of Bettis, but that having levied it upon specific property, he did not proceed to sell it under the execution. As

34

argued for the plaintiff in error, if the property did not belong to Bettis, the sheriff should not have made his levy upon it, but having done so, it does not follow, as is further contended by counsel, that the property should be sold if it did not belong to Bettis, or if he had no interest in it.    The sheriff did wrong to levy on the property without knowing that it was the property of Bettis, and subject to levy, but after learning that it was not subject to levy, as not belonging to Bettis, he was not obliged to persist in the wrong begun, but it was his duty, as soon as he ascertained that he was extending an execution against Bettis on property in which he had no interest, to stop his proceedings at whatever stage they have been.

If the sheriff levied upon the property, knowing that it was not subject to levy, as not belonging to Bettis, if he failed to discharge the levy after being informed of his mistake in making it, and returned the execution with the endorsement of levy upon it, and thus mislead the plaintiff in the execution, he became liable therefor, but he was not liable for not selling, as the property of Bettis, what was not his property, that in which he had no interest.

The sixth plea was therefore a good response to the first breach assigned, or to the first count in the declaration, as expressed in the plea, and the court did not err in refusing to quash it upon demurrer.

But for the error in not sustaining the demurrer to the fourth plea, the judgment of the court below is reversed.